UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AROR-ARK ARK O'DIAH,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>        Defendants. | Civil Action No. 25-cv-2220 |

## OPINION

Plaintiff Aror-Ark Ark O'Diah, proceeding *pro se*, alleges a far-reaching conspiracy against over eighty Defendants, including the Chief Justice of the United States Supreme Court, the Attorney General, the U.S. Attorney for the District of Columbia, several banking institutions and businesses, the New York state government and its agencies, attorneys, and other civilians. Compl. at 1–2, ECF No. 1 ("Compl."). Plaintiff claims that Defendants acted in concert to defame him, deny him access to credit lines and business loans, subject him to thirty-one false arrests, and even to murder his late wife. *Id.* at 6–21. Eighteen motions to dismiss are pending, arguing, in part, that the Complaint fails to state a claim for which relief can be granted. *See* ECF Nos. 7–8, 10, 16, 18, 22, 25, 27, 31, 38, 42, 47, 60, 73, 75, 77, 83–84. Because the court agrees, it will GRANT those motions, *sua sponte* DISMISS the Complaint against all other Defendants, and DENY AS MOOT all remaining motions.

A district court "may *sua sponte* dismiss a claim pursuant to Rule 12(b)(6) without notice where it is 'patently obvious' that the plaintiff cannot possibly prevail based on the facts alleged in the complaint." *Jafari v. United States*, 83 F. Supp. 3d 277, 279 (D.D.C. 2015) (quoting *Rollins*

*v. Wackenhut Servs., Inc.*, 703 F.3d 122, 127 (D.C. Cir. 2012)), *aff'd*, 621 F. App'x 676 (D.C. Cir. 2015); *see also Tate v. Burke*, 131 F.R.D. 363, 365 (D.D.C. 1990) (courts may act *sua sponte* when the complaint "indisputedly" contains "no factual and legal basis for the asserted wrong"). While the court recognizes that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even *pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

Plaintiff appears to re-allege many of the same claims that another court in this district recently dismissed. In that case, Plaintiff also alleged a "sweeping conspiracy to murder him and conceal white-collar crimes" and brought claims of "wrongful death, false imprisonment, and other alleged harms." Order at 1, *O'Diah v. Moss*, No. 24-cv-2736 (D.D.C. June 2, 2025) ("Order"); *see also Lewis v. Drug Enforcement Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011) ("The court may take judicial notice of public records from other court proceedings."). The only significant differences in this case are that here, Plaintiff added nearly sixty new defendants to the twenty-three he sued before. *Compare* Compl. at 1, *with* Order at 1. He also increased his damages to $1 billion per defendant, instead of $100 million per defendant. *Compare* Compl. at 22, *with* Order at 1. Enlarging the scope of the lawsuit cannot save this case from a similar fate. Because the Complaint "veers between indecipherable claims and conclusory legal assertions," "fail[ing] to explain how specific actions by specific Defendants violated the law," dismissal is also warranted here. Order at 2.

The Eastern District of New York already limited Plaintiff's ability to file future lawsuits based on many of the same allegations he makes here. *See O'Diah v. City of New York*, No. 8-cv-1646, 2008 WL 1968303, at *1 (E.D.N.Y. Apr. 30, 2008) ("Accordingly, plaintiff is hereby

enjoined from filing future lawsuits in the United States District Court for the Eastern District of New York without first obtaining leave of the Court and from filing any lawsuit in any other court based upon the same facts and issues dating from November 6, 2002 to November 13, 2007."). This court will not hesitate to issue a similar order if Plaintiff continues to repackage previously dismissed claims into new cases. *Kennedy v. Boardman*, 233 F. Supp. 3d 117, 122 (D.D.C. 2017) (dismissing a complaint with prejudice "to protect against the expense and vexation attending multiple lawsuits [and] conserve judicial resources"). Each time Plaintiff does so, he forces Defendants to "expend unnecessary resources to defend themselves." DirecTV Mot. to Dismiss at 1, ECF No. 47-1.

Accordingly, it is "patently obvious" that Plaintiff cannot prevail based on the facts alleged in his Complaint. *Rollins*, 703 F.3d at 127. Each pending motion to dismiss, ECF Nos. 7–8, 10, 16, 18, 22, 25, 27, 31, 38, 42, 47, 60, 73, 75, 77, 83–84, is GRANTED, and the Complaint is *sua sponte* DISMISSED WITHOUT PREJUDICE against every remaining Defendant. The Unopposed Motion for Scheduling Order, ECF No. 81, and the Motion for Injunction, ECF No. 89, are DENIED AS MOOT. A corresponding order shall follow.

Date: September 24, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge