**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

**AROR-ARK ARK O'DIAH,**

Plaintiff,

v.                                                              Civil Action No. 25-cv-2220 (TSC)

**UNITED STATES DEPARTMENT OF
JUSTICE, *et al.*,**

Defendants.

---

## OPINION AND ORDER

On July 14, 2025, Plaintiff Aror-Ark Ark O'Diah, proceeding *pro se*, sued over eighty Defendants, including the Chief Justice of the United States Supreme Court, the Attorney General, the U.S. Attorney for the District of Columbia, several banking institutions and businesses, the New York state government and its agencies, attorneys, and other civilians. *See* Compl. at 1–2, ECF No. 1 ("Compl."). In his Complaint, Plaintiff alleged a "far-reaching conspiracy" wherein "Defendants acted in concert to defame him, deny him access to credit lines and business loans, subject him to thirty-one false arrests, and even to murder his late wife." Mem. Op. at 1, ECF No. 92. Numerous Defendants moved to dismiss. *See* ECF Nos. 7, 8, 10, 16, 18, 22, 25, 27, 31, 38, 42, 47, 60, 73, 75, 77, 83, 84. On September 24, 2025, the court granted those motions and dismissed the Complaint *sua sponte* as to all other Defendants because it was "patently obvious" Plaintiff could not prevail based on the facts alleged. Mem. Op. at 3. Plaintiff now moves for relief from this court's Opinion, *see* First Mot. for Recon., ECF No. 94, and accompanying Order, *see* Second Mot. for Recon., ECF No. 96. Because Plaintiff fails to proffer any valid ground for his requested relief, his Motions for Reconsideration are DENIED.

Plaintiff's motions invoke Federal Rule of Civil Procedure 60(a) and (b).  First Mot. for

Recon. at 2, 4; Second Mot. for Recon. at 2, 4.  Rule 60 permits relief from a final judgment for

"clerical" issues as well as:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(a)–(b).  In considering a Rule 60(b) motion, courts "must strike a delicate

balance between the sanctity of final judgments . . . and the incessant command of a court's

conscience that justice be done in light of *all* the facts."  *People for the Ethical Treatment of*

*Animals v. U.S. Dep't of Health & Hum. Servs.*, 901 F.3d 343, 354–55 (D.C. Cir. 2018) (internal

quotations and citation omitted).

Notably, Plaintiff does not point to any clerical mistake, oversight, or omission, as required

for relief under Rule 60(a).  *See* First Mot. for Recon. at 2–8; Second Mot. for Recon. at 2–8.  That

leaves only relief under Rule 60(b).  It is well-established, however, that Rule 60(b) is "not simply

an opportunity to reargue facts and theories upon which a court has already ruled."  *Black v.*

*Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006) (quoting *New York v. United States*, 880 F. Supp.

37, 38 (D.D.C. 1995)).  Yet this is precisely what Plaintiff attempts to do, *compare* Compl. at 6–

21 *with* First Mot. for Recon. at 2–8 *and* Second Mot. for Recon. at 2–8.  While Plaintiff's motions

invoke the words "newly discovered evidence," "fraud," and "void," *see* First Mot. for Recon. at

2–8; Second Mot. for Recon. at 2–8, he merely realleges the same "far-reaching conspiracy" that

the court already dismissed, *see* Mem. Op. at 1, 3.  As another judge explained in rejecting a similar

motion for reconsideration by Plaintiff, his "allegations are neither new nor evidence," Min Ord.,

*O'Diah v. Moss*, No. 24-cv-2736 (D.D.C. July 24, 2025) (denying Plaintiff's Rule 60(b) motion

raising purportedly newly discovered evidence of judicial misconduct).  "Instead, they simply rehash the earlier irrational and far-fetched claims that have been dismissed by the Court . . . and amount to mere conjecture and unsupported assertions."  *Id.* (internal quotations and citations omitted).

Plaintiff alternatively seeks leave to file an Amended Complaint.  *See* First Mot. for Recon. at 4, 5; 8; Second Mot. for Recon. at 4, 5, 8.  While a court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), particularly where a plaintiff proceeds *pro se*, *see Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 877 (D.C. Cir. 1993), it should not do so where amendment would be futile, would result in undue delay or prejudice, is motivated by bad faith or a dilatory motive, or follows a "repeated failure to cure deficiencies by previous amendments." *Onyewuchi v. Gonzalez*, 267 F.R.D. 417, 420 (D.D.C. 2010).  Here, Plaintiff has not attached an Amended Complaint to his motion for leave to file, as required under the court's Local Rules.  *See* LCvR 7(i); *see also* LCvR 15.1.  This is independently fatal to Plaintiff's request.  *See Friends of Animals v. Pruitt*, 258 F. Supp. 3d 91, 93 (D.D.C. 2017) (noting that "[t]he Court of Appeals has repeatedly faulted litigants for the shortcoming of failing to attach a copy of their proposed amended complaint to a motion for leave to file an amended complaint" (cleaned up)).  But even if the court were to overlook this defect, it is not convinced that any amendment would be in good faith and otherwise not futile.

As the court previously observed, Plaintiff's Complaint "re-allege[d] many of the same claims that another court in this district recently dismissed."  Mem. Op. at 2 (citing Order at 1, *O'Diah v. Moss*, No. 24-cv-2736 (D.D.C. June 2, 2025)).  Indeed, it appears that this case is the latest in a pattern of frivolous and vexatious litigation initiated by Plaintiff.  *See O'Diah v. United States*, No. 25-cv-4195, 2026 WL 91981, at *1 (D.D.C. Jan. 13, 2026) (observing that "Plaintiff is

well-known in this district and in other jurisdictions as a vexatious and frivolous litigant"); *O'Diah v. U.S. Small Bus. Admin.*, No. 22-cv-4685, 2022 WL 2279765, at *1 n.1 (S.D.N.Y. June 14, 2022) (noting that "Plaintiff has filed almost 100 cases in federal courts around the country"). Plaintiff's conduct has even led other courts to place restrictions on Plaintiff's ability to initiate new legal actions. *O'Diah*, 2022 WL 2279765, at *1 (observing that "Plaintiff was barred from filing any new civil action in this court without prior leave of court" in 2015); *see also O'Diah v. Port Auth. of N.Y. & N.J.*, No. 05-cv-5297, 2012 WL 113551, at *2 (E.D.N.Y. Jan. 11, 2012) (enjoining Plaintiff "from filing any new civil action or proceeding in this Court without first obtaining leave of the Court").

This court has already warned Plaintiff that it "will not hesitate" to issue a similar order limiting his ability to "file future lawsuits based on many of the same allegations" contained in his Complaint and recognized that Plaintiff's history of abusive litigation "forces Defendants to expend unnecessary resources to defend themselves." Mem. Op. at 2–3 (internal quotations and citations omitted). Now, several Defendants ask the court to act on its warning. *See* Defendant Extra Space Storage Inc. Mem. in Opp'n to Pl's Mot. for Recon. at 2, ECF No. 97; Defendants Renaissance Equity Holdings LLC and Owner, Flatbush Gardens, and Isabella Joh Mem. in Opp'n to Pl's Mot. for Recon. at 3–4, ECF No. 98. The court declines to do so at this juncture because Plaintiff elected to move for reconsideration rather than initiate a new lawsuit and, more importantly, because another court in this district has already ordered him to show cause why such an order would not be an appropriate sanction for his litigation conduct. *See O'Diah*, 2026 WL 91981, at *2.

In light of the foregoing, Plaintiff's request for leave to amend is **DENIED**. It is **FURTHER ORDERED** that Plaintiff's Motions for Reconsideration, ECF Nos. 94, 96, are **DENIED**.

    **SO ORDERED.**

Date: July 29, 2026

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge